**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,        )<br>                                             )<br>        Plaintiff,                       )<br>                                             )<br>vs.                                         )<br>                                             )<br>Jesus Jimenez-Medina,          )<br>Juan Garzon-Diaz,                )<br>                                             )<br>        Defendants.                  )<br>                                             )<br>_____)  | No. 06-0013M<br><br>**ORDER** |

Each Defendant has moved to extend the time to indict prescribed in 18 U.S.C. § 3161(b) so as "to permit the defendant time within which to review the facts in this matter, to review discovery and to investigate defenses prior to waiving rights to a number of hearings." The Government does not oppose the extension and suggests that an extension "appears to be in the interests of the defendant and the public in a speedy trial."

The Court is mindful of the Ninth Circuit's command in *U.S. v. Ramirez-Cortez*, 213 F.3d 1149 (9th Cir. 2000), that "Congress did not intend the 'ends of justice' exclusions to be granted as a matter of course but rather to be used sparingly and only when necessary" (*Id.* at 1155 (quotation omitted)) and thus closely examines any request to extend the time to indict. The Court is troubled by the Defendants' and Government's articulated reasons which seem more appurtenant to possible grounds for extensions in illegal re-entry cases rather than the type of case *sub judice*. For example, Defendants explain that additional time is needed "prior to waiving rights to a number of hearings." Exactly what hearings are contemplated is unexplained. It cannot be the Defendants' right to a preliminary hearing because those hearings have been waived. The government's response at paragraph 4 suggests that the referenced

1  hearings may be hearings associated with material witnesses: "To accomplish these goals the
2  United States Attorney provides discovery at the outset of the case and offers defendants a
3  favorable plea if they waive the right to have video depositions and agree to the admission of
4  statements of the material witnesses. However in order to waive these hearings it has often been
5  necessary in the short term for defense counsel to seek extensions of time limits . . . . " Any
6  hearing regarding the material witnesses cannot be the basis for an extension of the time to
7  indict in this case because the material witnesses have already been released pursuant to the
8  Defendants' and Government's stipulation.

9        Moreover, the Government's response to the Motions appears, in general, to address the
10 rationale for extensions in illegal reentry cases and the Court has no basis to conclude that the
11 reasonable rationale in that context is also applicable to a prosecution for a 1324 offense. In its
12 particulars, the Government's response is troubling as well. Paragraph 1 appears to be out-of-
13 date boiler plate that refers to "1660 immigrations" prosecuted "in the last calendar year" (which
14 any reasonable reading would take to mean the last calendar year which was 2005) but then
15 states that "since that time the immigration caseload from Douglas and Yuma has increased
16 substantially such that the figures for calendar year 2000 are reasonably expected to be much
17 higher."

18       Taken together, the Motions and Government response do not demonstrate that an
19 extension of the time to indict is justified. Accordingly, Defendants' Motions to Extend Time
20 to Indict (Doc. #26, 27) are Denied.

21       DATED this 24th day of February, 2006.

_____
David K. Duncan
United States Magistrate Judge

- 2 -